1

**PHILLIPS DAYES**
NATIONAL EMPLOYMENT LAW FIRM
*A Professional Corporation*

2

3 3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS

4 docket@phillipsdayeslaw.com
TREY DAYES, No. 020805

5 SEAN DAVIS, No. 030754
(602) 288-1610 ext. 301

6 Attorneys for Plaintiff

7                    **UNITED STATES DISTRICT COURT**

8                         **DISTRICT OF ARIZONA**

9

10   Angela Bennett;                          Case No.: _____

11                    Plaintiff,

12         vs.                                        **COMPLAINT**

13   The Breadfruit Restaurants, LLC, an              **JURY DEMAND**
     Arizona company; Dwayne Allen and
14   Danielle Leoni, husband and wife

15

16        Plaintiff Angela Bennett, for her Complaint against Defendants, alleges as follows:

17                        **NATURE OF THE CASE**

18        1.    The Fair Labor Standards Act is designed to eliminate "labor conditions

19   detrimental to the maintenance of the minimum standard of living necessary for health,

20   efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals,

21   the FLSA sets minimum wage and overtime pay requirements for covered employers. *See*

22   29 U.S.C. §§ 206(a), 207(a).

23        2.    Employers must compensate employees for all work that employers permit

24

25

---

Complaint and Demand for Jury Trial                                          Page 1

1  employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of

2  employers' management to ensure that work is not performed if management does not

3  desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept

4  the benefits of employees performing work without compensating the employees for their

5  work. *Id.*

6      3.     Plaintiff brings this action against Defendants for unlawful failure to pay

7  overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et*

8  *seq.* ("FLSA").

9

10     4.     Defendants had a consistent policy and practice of requiring its employees to

11  work well in excess of forty (40) hours per week without paying them time and a half for

12  hours worked over forty (40) hours per week.

13     5.     Plaintiff seeks to recover unpaid overtime compensation and an equal amount

14  of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and

15  costs pursuant to 29 U.S.C. § 216(b).

16                          **JURISDICTION AND VENUE**

17     6.     This Court has jurisdiction over the subject matter and the parties hereto

18  pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

19

20     7.     Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside within

21  the State in which this District Court is located and because a substantial part of the

22  events or omissions giving rise to this matter occurred in this District.

23

24

25

---

Complaint and Demand for Jury Trial                                      Page 2

1

**PARTIES**

2      8.     At all times material hereto, Plaintiff was a resident of Maricopa County,

3  Arizona.

4      9.     At all times material hereto, The Breadfruit Restaurants, LLC ("The

5  Breadfruit Restaurants"), was incorporated in the State of Arizona.

6      10.    Upon information and belief, at all times material hereto, Defendant

7  Dwayne Allen was and continues to be a resident of Arizona.

8

9      11.    Danielle Leoni is Dwayne Allen's wife.  Dwayne Allen and Danielle Leoni

10  have caused events to take place giving rise to this Complaint as to which their marital

11  community is fully liable.

12      12.    Upon information and belief, and consistent with the information available

13  from the Arizona Secretary of State, Defendants Dwayne Allen and Danielle Leoni were

14  and are the owner of The Breadfruit Restaurants, LLC.

15      13.   At all relevant times, Plaintiff was an "employee" of Defendants, as defined

16  by 29 U.S.C. § 203(e)(1).

17      14.   The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

18      15.   At all relevant times, each of the Defendants was and continues to be an

19  "employer" as defined in 29 U.S.C. § 203(d).

20

21      16.   Each of the Defendants should be deemed an "employer" for purposes of the

22  FLSA including, without limitation, 29 U.S.C. § 216.

23      17.   All Defendants are co-equally liable for all matters.

24

25

---

Complaint and Demand for Jury Trial                                          Page 3

18.   On information and belief, Defendants Dwayne Allen and Danielle Leoni made all decisions on the daily activities of their employees and make all decisions regarding pay policies and exerted financial and operative control over The Breadfruit Restaurants, LLC and are therefore individually liable under the FLSA.

19.   On information and belief, Defendants Dwayne Allen and Danielle Leoni had the power to close The Breadfruit Restaurants, LLC

20.   On information and belief, Defendants Dwayne Allen and Danielle Leoni had the power to hire and fire employees.

21.   On information and belief, Defendants Dwayne Allen and Danielle Leoni hired managerial employees.

22.   On information and belief, Defendants Dwayne Allen and Danielle Leoni maintained employment records.

23.   Defendants Dwayne Allen and Danielle Leoni profited from the FLSA violations detailed in this complaint.

24.   At all times material to this action, each of the Defendants was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

25.   On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

## FACTUAL BACKGROUND

26.   The Breadfruit Restaurants hired Plaintiff in March of 2013 to work in Defendants' restaurant in Phoenix, The Breadfruit and Rum Bar.

1      27.   Plaintiff was hired to work in the kitchen. Her responsibilities included

2    cooking and prepping food, opening and closing the restaurant, organizing the kitchen,

3    and cleaning the kitchen.

4      28.   The Breadfruit Restaurants compensated Plaintiff at an hourly rate of $10 per

5    hour, during her tenure she received raises and by the end of her employ she was earning

6    $10.25 per hour.

7      29.   Plaintiff was a non-exempt employee.

8      30.   Plaintiff had no supervision or management responsibilities.

9      31.   Plaintiff could neither hire nor fire employees.

10     32.   Plaintiff had no authority to exercise significant independent judgment on

11   

12   issues that affect the whole company when carrying out her job responsibilities.

13     33.   Defendants managed, supervised, and directed all aspects of Plaintiff's job

14   duties and responsibilities.

15     34.   Plaintiff's primary duty was not the performance of work directly related to

16   the management or general business operations of The Breadfruit Restaurants or its'

17   customers.

18     35.   Plaintiff's primary duty was not the performance of work requiring advanced

19   

20   knowledge in a field of science or learning that was acquired by a prolonged course of

21   specialized intellectual instruction.

22     36.   Plaintiff did not perform work requiring advanced knowledge.

23

24

25

37.   During this period, Plaintiff routinely worked forty-one (41) to sixty (60) hours per week for The Breadfruit Restaurants without receiving overtime compensation at time and one half her regular hourly rate.

38.   During her tenure with Defendants, Plaintiff had an issue with her teeth that required surgery.

39.   Defendants offered to advance to Plaintiff the amount of money the surgery would require, which was $3,034.

40.   The parties reached an agreement in which Defendants would deduct $100 from each of Plaintiffs' paychecks until the $3,034 was paid back in full.

41.   However, Defendants began deducting more than $100 per pay check. Defendants began deducting 10-30 hours of pay each pay period.

42.   Defendants deducted these hours at Plaintiff's regular rate of pay, even if many of those hours were hours Plaintiff worked above 40 in a workweek.

43.   For example for the week of 3/23/2014-3/29/2014, Plaintiff worked 51.79 hours and was given credit for $530.85, which is $10.25 per hour. She was not compensated at time and one half for the 11.79 hours of overtime she worked during that week.

44.   As further example, for the week of 12/29/2013-1/4/2014, Plaintiff worked 60.99 hours and was given credit for $625.15, which is $10.25 per hour. She was not compensated at time and one half for the 20.99 hours of overtime she worked during that week.

1

2

3

4

5

6

7

8

9

10

45.    Paragraphs 43 and 44 of this complaint are just examples, as Plaintiff regularly and consistently worked multiple hours of overtime each week.

46.    Plaintiff's regular schedule was Monday through Saturday, 9-10 hours each day.

47.    Plaintiff paid back Defendants in full for the advance for dental surgery. She is still owed for the additional .5x compensation for her overtime hours.

48.    Plaintiff has retained the law firm of Phillips Dayes Law Group PC to prosecute her claims against Defendants on her behalf and has agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

**COUNT ONE**
**OVERTIME VIOLATION—29 U.S.C. § 207**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

49.    Plaintiff incorporates and adopts paragraphs 1 through 48 above as if fully set forth herein.

50.    While employed by Defendants, Plaintiff regularly worked multiple hours of overtime per week.

51.    Plaintiff was a non-exempt employee.

52.    Defendants have intentionally and willfully failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

53.    On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

54.   As the direct and proximate result of Defendants' violations of the FLSA,

Plaintiff has suffered damages by failing to receive compensation in accordance with 29

U.S.C. § 207.

55.   Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount

equal to one and one-half times her regular pay rate for each hour of overtime worked per

week.

56.   In addition to the amount of unpaid wages owed to Plaintiff, he is also

entitled to recover an additional equal amount as liquidated damages pursuant to 29

U.S.C. § 216(b).

57.   On information and belief, Defendants' conduct in failing to properly

compensate Plaintiff, in violation of the FLSA, was willful.

58.   Defendants have not made a good faith effort to comply with the FLSA.

Plaintiff has been required to bring this action to recover his overtime compensation, and

his statutory liquidated damages, and as the direct and foreseeable result of Defendants'

conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her

favor against Defendants:

a.   Awarding Plaintiff overtime compensation in the amount due for all of

her time worked in excess of forty (40) hours per week at a pay rate

equal to one and one-half times Plaintiff's regular rate of pay while at

work for Defendants, in an amount proved at trial;

b.   Awarding Plaintiff liquidated damages in an amount equal to the

overtime award;

c.   Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the

litigation pursuant to 29 U.S.C. § 216(b);

d.   Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all

amounts awarded under subsections (a) and (b) above from the date of

the payment due for that pay period until paid in full;

e.   Awarding Plaintiff post-judgment interest, at the highest legal rate, on

all awards from the date of such award until paid in full; and

f.   For such other and further relief as the Court deems just and proper.

## COUNT TWO
## DECLARATORY JUDGMENT

59.   Plaintiff incorporates and adopts paragraphs 1 through 58 above as if fully set

forth herein.

60.   Plaintiff and Defendants have an overtime compensation dispute pending.

61.   The Court has jurisdiction to hear Plaintiff's request for declaratory relief

pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

62.   Plaintiff is entitled to declarations, and requests that the Court make

declarations as to the following matters and as to other matters deemed appropriate by the

Court:

a.   Defendants employed Plaintiff.

b.  Defendants are engaged in an enterprise covered by the overtime provisions of the FLSA.

c.  Plaintiff individually is covered by the overtime provisions of the FLSA.

d.  Plaintiff was not an exempt employee pursuant to the FLSA.

e.  Defendants failed and refused to make payments of overtime compensation to Plaintiff, in violation of the provisions of the FLSA.

f.  Defendants' failures to pay overtime compensation to Plaintiff were willful.

g.  Plaintiff is entitled to damages in the amount of overtime compensation not paid by Defendants at the rate of one and one-half times Plaintiff's regular rate of pay.

h.  Plaintiff is entitled to an equal amount as liquidated damages.

i.  Plaintiff is entitled to recover her costs and a reasonable attorney's fee incurred in prosecuting her claim.

63.   It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

64.   The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

1

a. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§

2

2201–02, that the acts and practices complained of herein are in

3

violation of the overtime and wage provisions of the FLSA;

4

b. Awarding Plaintiff her reasonable attorney's fees and the costs and

5

expenses of the litigation pursuant to the FLSA; and

6

c. For such other and further relief as the Court deems just and proper

7

**DEMAND FOR JURY TRIAL**

8

9

Plaintiff and all similarly situated employees hereby request that, upon trial of this

10

action, all issues be submitted to and determined by a jury except those issues expressly

11

reserved by law for determination by the Court.

12

Dated: May 6, 2015

13

Respectfully submitted,

14

**PHILLIPS DAYES NATIONAL EMPLOYMENT LAW FIRM PC**

15

16

By: /s/ Trey Dayes

17

Trey Dayes
Attorney for Plaintiff

18

19

20

21

22

23

24

25

---

Complaint and Demand for Jury Trial                                                                                    Page 11